# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM DAULTON, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 22-337 |
| ) | |
| v. ) | Magistrate Judge Maureen P. Kelly |
| ) | |
| JOHN RIVELLO, *Superintendent*; and ) | Re: ECF Nos 2 and 3 |
| THE ATTORNEY GENERAL OF ) | |
| PENNSYLVANIA; *and* ) | |
| THE DISTRICT ATTORNEY OF ) | |
| ALLEGHENY COUNTY, ) | |
| ) | |
| Respondents. ) | |

## ORDER

Petitioner William Daulton ("Petitioner") is a state prisoner currently incarcerated at the State Correctional Institution at Huntingdon ("SCI-Huntingdon") in Huntingdon, Pennsylvania. Petitioner submitted a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), which was received by this Court on February 23, 2022. ECF No. 1.

Currently before this Court are Petitioner's Omnibus Motion for Stay and Abeyance, ECF No. 2, and Motion for Appointment of Counsel. ECF No. 3.

With respect to the first motion, Petitioner asserts that he plans to return to state court to seek further post conviction relief. ECF No. 2 at 1. However, a review of the docket in Petitioner's underlying state court criminal case does not indicate that any such petition is pending. See Docket, Com. v. Daulton, No. CP-02-CR-263-2015 (available at https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-02-CR-0000263-2015&dnh=bpwwK5x88cV7pNGWvxaOlw%3D%3D (last visited Feb. 25, 2022)). Because no state court proceedings are pending, there is no reason of record to stay these habeas proceedings.

1

Consequently, this motion will be DENIED without prejudice to refiling should Petitioner actually file a petition for post-conviction relief in state court.

As to Petitioner's Motion for Appointment of Counsel, there is no constitutional right to counsel in proceedings brought pursuant to 28 U.S.C. § 2254.  See Coleman v. Thompson, 501 U.S. 722, 752 (1991); Pennsylvania v. Finley, 481 U.S. 551, 555 (1990).  The appointment of counsel is not mandatory unless and until an evidentiary hearing has been granted.  Rule 8(c) of the Rules Governing Section 2254 Cases.  The standard for the appointment of counsel in a Section 2254 case is whether "the interests of justice . . . require" that representation be provided.  18 U.S.C. § 3006A(a)(2).

Given that the Answer has not yet been filed, this Court has not yet determined whether an evidentiary hearing will be necessary to address the claims of the Petition.  Further, Petitioner has not met his burden to show that the interests of justice otherwise require the appointment of counsel in this case at this time.  As such, Petitioner's request for the appointment of counsel will be denied, and the following Order is entered.

AND NOW, this 25th day of February, 2022, IT IS HEREBY ORDERED, ADJUDGED and DECREED that Omnibus Motion for Stay and Abeyance, ECF No. 2, is DENIED without prejudice to refiling should Petitioner seek further post-conviction relief in state court.

IT IS FURTHER ORDERED that Petitioner's Motion for Appointment of Counsel, ECF No. 3, is DENIED.

IT IS FURTHER ORDERED that, within fourteen days of this Order, the parties may appeal this order to a district judge pursuant to Rule 72.C.2 of the Local Rules for Magistrate Judges. Failure to appeal in a timely manner will constitute waiver of the right to appeal.

Dated: February 25, 2022

BY THE COURT:

*/s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:  WILLIAM DAULTON
 MG7618
 SCI HUNTINGDON
 1100 PIKE STREET
 HUNTINGDON, PA 16652