IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM DAULTON,<br><br>                     *Petitioner,*<br><br>     v.<br><br>JOHN RIVELLO, *et al*,<br><br>                    *Respondents.* | Civil Action No. 2:22-cv-337<br><br>Hon. William S. Stickman IV<br>Hon. Maureen P. Kelly |

## ORDER OF COURT

AND NOW, this __7__ day of July 2025, after Petitioner William Daulton ("Daulton") filed a Petition for Writ of Habeas Corpus (ECF No. 1),[1] and after a thorough Report and Recommendation was filed by Magistrate Judge Maureen P. Kelly recommending the denial of all claims raised by Daulton and the denial of a certificate of appealability (ECF No. 32), and having received Daulton's Objections (ECF No. 39) and conducting its independent *de novo* review of the entire record, the Court hereby ADOPTS Magistrate Judge Kelly's Report and Recommendation as its Opinion. It concurs with her thorough legal analysis, legal conclusions, and recommendations. The Court has independently reached the same conclusions as Magistrate Judge Kelly.

Daulton raised fourteen grounds for relief, as outlined by Magistrate Judge Kelly in her Report and Recommendation. (ECF Nos. 1 and 32, pp. 8-11). Each claim is timely. The Court concurs with Magistrate Judge Kelly that claims one, two, eleven, and twelve are procedurally

---

[1] In 2015, Daulton was convicted in the Court of Common Pleas of Allegheny County, Pennsylvania of rape of a child, rape by forceable compulsion, and other sex related crimes against his minor stepdaughter. He is serving an aggregate sentence of 30 to 60 years of imprisonment. (ECF No. 1). The Court has jurisdiction under 28 U.S.C. § 2254, the federal habeas statute applicable to prisoners in custody pursuant to a state-court judgment.

defaulted. It further concurs that *Martinez v. Ryan*, 566 U.S. 1 (2012) does not provide an excuse for the procedural default.[2] (ECF No. 32, pp. 16-23). In his fourteenth claim, Daulton asserts his actual innocence but fails to meet his burden to invoke the miscarriage of justice exception to procedural default, and there is no free standing viable actual innocence claim to federal habeas relief. *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). As to claims thirteen through seventeen, which allege ineffective assistance of counsel, they are not cognizable grounds for federal habeas relief. There is no federal constitutional right to effective assistance of counsel in state postconviction proceedings, *Shinn v. Ramirez*, 596 U.S. 366, 386 (2022), and claims of error by the state postconviction courts or the Pennsylvania Superior Court in reviewing postconviction proceedings are not cognizable, *Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998).

Claims three and four allege due process violations, which were litigated in the Pennsylvania Superior Court. For the reasons set forth by Magistrate Judge Kelly, these claims fail to afford Daulton habeas relief. (ECF No. 32, pp. 33-40). Claims five through ten allege ineffectiveness of counsel. The Court concurs with Magistrate Judge Kelly's thorough analysis and reasoning as to why federal habeas relief is unwarranted – Daulton has not met his burden under the Antiterrorism and Effective Death Penalty Act of 1996. *See* 28 U.S.C. § 2254(d) and (e). It cannot be said that the Pennsylvania Superior Court's decision as to these ineffectiveness claims was based on an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984), or an unreasonable determination of the facts. (ECF No. 32, pp. 42-54).

---

[2] Daulton seemingly claims his cumulative error claim falls under *Martinez* (ECF No. 39), but the default occurred on collateral appeal and the Court finds that *Martinez* does not apply. *Pritchett v. Sup't, SCI Laurel Highlands*, No. 2:16-CV-1751, 2020 WL 1643385, at *12 (W.D. Pa. Apr. 2, 2020) (quoting *Norris v. Brooks*, 794 F.3d 401, 405 (3d Cir. 2015) ("*Martinez* made very clear that its exception to the general rule of *Coleman* applies only to attorney error causing procedural default during initial-review collateral proceedings, not collateral appeals.")).

The Court hereby OVERRULES Daulton's Objections (ECF No. 39).[3]

IT IS HEREBY ORDERED that Daulton's Petition for Writ of Habeas Corpus (ECF No. 1) is DISMISSED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED. Reasonable jurists would not find the Court's denial of relief on Daulton's claims debatable or wrong.[4]

IT IS FINALLY ORDERED that pursuant to Federal Rule of Appellate Procedure 4(a)(1), if Daulton desires to appeal from this Order, he must do so within thirty (30) days by filing a notice of appeal as provided in Federal Rule of Appellate Procedure 3.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

---

[3] By Orders of Court dated April 16, 2025, and May 21, 2025, the Court denied Daulton's requests for discovery. (ECF Nos. 36 and 38). Daulton failed to demonstrate good cause for discovery, particularly given the fact that the denial of habeas relief is warranted. The Court would only add that some of the discovery Daulton complains about not receiving, particularly the "authenticated forensic report" (ECF No. 39, p. 15), is already part of the record. As Magistrate Judge Kelly noted, "A copy of the report is included in the paper state court record. It appears to be a form, the title of which is 'FORENSIC MEDICAL REPORT: NONACUTE (>72 HOURS) CHILD/ADOLESCENT SEXUAL ABUSE EXAMINATION[.' It is dated February 21, 2014." (ECF No. 32, p. 26).

[4] A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). On the other hand, when a district court has rejected a constitutional claim on its merits, a petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong, a demonstration that [ ] includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (citation omitted).